IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORA CASAUS AND
GERALD CASAUS,

    Plaintiffs,

vs.     Civ. No. 01-1237 WWD/RLP ACE

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO, and
SCOTT DOTSON, JIMMY MARTINEZ,
BILL RICHARDS, GAVIN BEVIS, and
RODERICK ROCKY LONG, as employees
of the University of New Mexico,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants' Motion to Dismiss Counts I, IV, V, and VI of Plaintiffs' Complaint [docket no. 11] filed May 10, 2002.

**Count I**

Count I is entitled "Unlawful Retaliation". It incorporates twenty-four preceding paragraphs and sets out what is apparently a "whistle blower" claim concerning speech "protected by the U.S. Constitution and by Title VII of the Civil Rights Act as amended". In Plaintiffs' response to the motion to dismiss, Plaintiffs assert that Count I is limited to a Title VII retaliation claim; accordingly, Defendants' motion attacking that portion of Count I which is considered to be a claim by Plaintiffs under § 1983 need not be discussed.

**Counts IV, V, and VI**

Count IV is a claim for "wrongful termination"; Count V is a claim for "breach of implied covenant of good faith and fair dealing"; and Count VI is a claim for "intentional infliction of emotional distress". The potential tort liability of governmental entities and public employees is limited by the New Mexico Tort Claims Act, N.M.S.A. 1978, §§ 41-4-1 to 41-4-29. The Tort Claims Act contains no specific waiver of sovereign immunity for the torts listed in Counts IV, V, and VI of Plaintiffs' complaint. Since sovereign immunity under the Tort Claims Act has not been waived with respect to the tort claims in Counts IV, V, and VI, Plaintiffs cannot bring these claims against the State and its employees; accordingly, the claims contained in these three counts should be dismissed.

**Individual Defendants**

The Tenth Circuit has made clear that Title VII precludes personal capacity suits against individuals, such as individual supervisors, who do not otherwise qualify as employers. Butler v. City of Prairie Village, 172 F.3d 736, 743-44 (10th Cir.1999); Haynes v. Williams, 88 F. 3d 898, 901 (10th Cir. 1996); Lankford v. City of Hobart, 27 F. 3d 477, 480 (10th Cir. 1994); Sauers v. Salt Lake County, 1 F. 3d 1122, 1125 (10th Cir. 1993). See also Silverman v. Progressive Broadcasting, Inc., 964 P. 2d 61, 65 (N. M. Ct. App. 1998) (applying Tenth Circuit precedent that it is inappropriate for Plaintiff to seek to hold her former supervisors personally liable because under Title VII the relief granted is against the employer and not against the individual employees whose actions may violate the act). Individual defendants cannot be sued in a Title VII claim; accordingly, in Counts I and II the claims against individual defendants should be dismissed.

**Punitive Damages**

Since punitive damages cannot be recovered from the state, all punitive damages claims in the Complaint against the Board of Regents, a State entity, should be dismissed. .

**WHEREFORE,**

**IT IS ORDERED** that Count I of the Complaint is limited to a Title VII retaliation claim.

**IT IS FURTHER ORDERED** that the claims against individual defendants under Title VII in Counts I and II of the Complaint are dismissed.

**IT IS FURTHER ORDERED** that Counts IV, V, and VI of the Complaint are dismissed.

**FINALLY, IT IS ORDERED** that all claims for punitive damages against the Board of Regents are dismissed.

_____
UNITED STATES MAGISTRATE JUDGE